UNIVERSAL FOREIGN SERVICE CO. (OMI CO.) ET AL. *v.* UNITED STATES

**No. 5375.**—Invoices dated Kyoto, Japan, April 25, 1937, etc.
Certified April 26, 1937, etc.
Entered at Los Angeles, Calif., May 19, 1937, etc.
Entry No. .10139, etc.

(Decided August 1, 1941)

*Lawrence & Tuttle (George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao,* Assistant Attorney General (*Daniel I. Auster,* special attorney), for the defendant.

OLIVER, Presiding Judge: The appeals to reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

It is hereby stipulated, by and between counsel for the respective parties hereto, subject to the approval of the court:

(1) That the merchandise marked with the letter "A" and initialed *GRG G. R. Gulick* involved in the appeals listed in attached schedule consists of articles or fabrics made of rayon, which in all material respects, is such or similar to the rayon in the articles the subject of decision in *US* v. *Nippon Dry Goods Co.,* Reap. Dec. 5006, affirming Reap. Dec. 4704; that the issue herein and conditions as to the market value are the same as the issue and conditions as to market value in the cited case, and the record in said case is hereby incorporated herein.

(2) That the appraised values of the rayon articles or fabrics marked "A" and covered by these appeals, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases, represent the prices at the time of exportation of such merchandise to the United States, at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of the country from which exported, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, and that there were no higher foreign values at the time of exportation thereof.

(3) That the appeals herein are abandoned as to all other merchandise, and these cases are submitted on the foregoing stipulation.

On the agreed facts, I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved,

and that as to the articles or fabrics made of rayon, represented on the invoices by the items marked with the letter A and initialed GRG, G. R. Gulick, such values are the appraised values, less any additions made by the importer by reason of the so-called Japanese consumption tax, to meet advances made by the appraiser in similar cases.

The appeals having been abandoned insofar as they relate to all other merchandise, to that extent the appeals are hereby dismissed. Judgment will be rendered accordingly.